# SYMONETTE v STATE OF FLORIDA, COUNTY OF DADE

### Case No. 85-241 AC

Eleventh Judicial Circuit, Appellate Division, Dade County

June 18, 1987

## APPEARANCES OF COUNSEL

**Henry S. Hunter** for appellant.

**Robert A. Butterworth,** Attorney General, and **Julie S. Thornton,** Assistant Attorney General, for appellee.

Before HENDERSON, SALMON, ROBINSON, JJ.

## OPINION OF THE COURT

SALMON, J.

On June 6, 1985, the appellant (defendant below) was charged with failing to comply with minimum housing standards. Non-Jury trial began on July 30, 1985 and the appellant was represented by counsel. The appellant was allowed until August 2, 1985 to present to the court documents as evidence that he was not in violation of minimum housing standards. These documents allegedly established that the City of Miami ordered appellant not to repair the building in question because it was to be destroyed.

On August 2, 1985, the appellant appeared before the court and presented several documents which the court examined. Appellant's counsel, however, was not present due to air transportation problems. He did call on substitute counsel to take his place at the proceedings, but the trial court—without waiting for such substitute counsel to arrive and without further inquiry—proceeded with the trial, finding the appellant guilty. The appellant was immediately sentenced to sixty days in jail and fined five-hundred dollars plus court costs, which is the maximum penalty allowed by law.

The appellant now claims that the trial court erred in concluding the trial and in sentencing without the benefit of counsel.

The right of a criminal defendant to have reasonably effective attorney representation is absolute and is required at every essential step of the proceedings. *Gideon v. Wainwright*, 372 U.S. 335, 83 S. Ct. 792, 9 L.Ed.2d 799 (1963). Sentencing is an essential step of the proceedings, entitling a criminal defendant the right to the assistance of counsel. *Sayers v. State*, 423 So.2d 985 (Fla. 3d DCA 1982).

In addition to the question raised, the appellant had the right to the benefit of a closing argument before the conclusion of trial. The United States Supreme Court has held that "The overwhelming weight of authority, in both federal and state courts, holds that a total denial of the opportunity for final argument in a non-jury criminal trial is a denial of the basic right of the accused to make his defense." *Herring v. New York*, 422 U.S. 853, 859, 95 S. Ct. 2550, 2554, 45 L.Ed.2d 593, 598 (1975). Due to the absence of appellant's counsel, this right was not afforded.

Based on the above analysis, the trial court's decision below is reversed and the case is remanded for further proceedings not inconsistent with this opinion.